**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1674

_____

BIN WANG,

Appellant

v.

SUPERINTENDENT FOREST SCI;
THE DISTRICT ATTORNEY OFFICE

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00357)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted under Third Circuit LAR 34.1(a)
On March 29, 2022

Before: RESTREPO, ROTH and FUENTES, <u>Circuit Judges</u>

(Opinion filed: March 30, 2023)

---

OPINION[*]

---

**ROTH**, <u>Circuit Judge</u>

Bin Wang appeals the order denying his 28 U.S.C. § 2254 petition. We granted a certificate of appealability on his claim that his trial counsel rendered ineffective assistance in failing to conduct a reasonable forensic investigation to counter the prosecution's homicide narrative. We will affirm the judgment of the District Court.

**I.**

In May 2007, Bin Wang shot and killed his wife, Xiangzhen Lin, in their Philadelphia home. Wang told police that Lin died by suicide when she shot herself in the back of the head. To support his suicide narrative, Wang's trial counsel hired Dr. Paul Hoyer, a forensic pathologist, as an expert witness. After reviewing Lin's autopsy report, the photographs, the discovery, and digital images of the gun, Dr. Hoyer prepared an expert report. Wang's trial counsel lamented to Wang that Dr. Hoyer's "findings are not as strong as I had hoped. In fact, the conclusion will make the suicide argument a very difficult one for a jury to understand."[1] Trial counsel later wrote to Wang and said that Dr. Hoyer "is not saying that [Lin's] death was absolutely, positively a suicide," and that it would be Wang's own testimony "that will persuade the jury that this was a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appx. 831.

suicide."[2]  Both Dr. Hoyer and Wang testified at trial, a jury convicted Wang of First-Degree Murder and Possession of an Instrument of Crime, and the trial court sentenced him to life imprisonment.

Wang then began Pennsylvania Post-Conviction Relief Act (PCRA) proceedings. He contended that "trial counsel was ineffective for not expanding the scope of his forensic investigation by consulting with and retaining a crime scene expert or reconstructionist to conduct a holistic examination of all the physical evidence at the scene."[3]  The PCRA court determined that trial counsel's strategy "had a reasonable basis designed to effectuate [Wang's] interests, namely that . . . Lin's death was a suicide."[4]  Accordingly, the PCRA court denied Wang relief on his ineffective-assistance claim. The Superior Court of Pennsylvania affirmed the PCRA court, and Wang did not seek review in the Supreme Court of Pennsylvania.

Wang next petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  Wang again claimed that his trial counsel provided ineffective assistance because he failed to execute a reasonable forensic investigation to counter the Commonwealth's homicide narrative.  A magistrate judge reviewed Wang's petition and issued a Report & Recommendation, recommending that the petition be denied.  Wang lodged twenty-two objections.  The District Court overruled all but one of Wang's objections, adopted the Report & Recommendation with some supplements, and dismissed Wang's petition.

---

[2] Appx. 833.
[3] Appx. 639.
[4] Appx. 640.

3

## II.

The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review because the District Court did not hold an evidentiary hearing.[5]

Although our review of the District Court's decision is plenary, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires us to defer considerably to the state court's determination.[6] Under AEDPA, a petitioner is entitled to habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[7] A decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in the [Supreme Court's] cases."[8] A state court's application of clearly established law is "unreasonable" if the court identifies the correct governing rule but applies it to the facts of the case in a manner that is not merely erroneous, but "objectively unreasonable."[9] Put another way, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[10]

---

[5] *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc).
[6] *Palmer v. Hendricks*, 592 F.3d 386, 391–92 (3d Cir. 2010).
[7] 28 U.S.C. § 2254(d)(1).
[8] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).
[9] *Id.* at 409–10; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).
[10] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Further, our review of the state court's "scrutiny of counsel's performance must" itself "be highly deferential."[11] Courts "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[12] In light of the deference given to trial counsel's decisions under *Strickland v. Washington*,[13] and our deference to the state court's determinations, our review is "doubly deferential."[14]

Under *Strickland*, a petitioner alleging ineffective assistance of counsel must first show that counsel's performance was deficient.[15] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[16]

Second, a petitioner must show that the deficient performance caused prejudice.[17] "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[18] To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19]

**III.**

---

[11] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
[12] *Id.* at 690.
[13] *Id.* at 691.
[14] *Yarborough*, 540 U.S. at 6.
[15] *Strickland*, 466 U.S. at 687.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 694.

Wang claims that "[t]rial counsel . . . should've expanded his forensic investigation after receiving Dr. Hoyer's equally plausible opinion because Dr. Hoyer's opinion didn't move the reasonable doubt needle in [Wang's] favor."[20] His failure to do so, Wang says, violated *Strickland* and constituted ineffective assistance.

The Pennsylvania courts did not unreasonably apply federal law when they rejected Wang's argument. Wang's trial counsel hired an experienced forensic pathologist, and that expert reviewed the evidence, wrote a report, and testified on Wang's behalf at trial. That the report was not as helpful to Wang's defense as Wang may have wished does not mean that counsel's assistance was constitutionally ineffective. Under *Strickland*, counsel's "duty to investigate does 'not force defense lawyers to scour the globe,' and limited investigation is reasonable where counsel has good reason to think further investigation would be wasteful."[21]

Even if his trial counsel erred in not seeking out a second forensic expert, there is a reasonable argument that Wang's trial counsel satisfied *Strickland*.[22] That is all the law permits us to consider.

**IV.**

---

[20] Appellant's Br. at 42. In other words, Dr. Hoyer's expert opinion did not conclusively say Lin took her own life.

[21] *Siehl v. Grace*, 561 F.3d 189, 197 (3d Cir. 2009) (quoting *Rompilla v. Beard*, 545 U.S. 374, 383 (2005)).

[22] *See Harrington*, 562 U.S. at 105.

The decision by Wang's trial counsel not to hire a second expert, viewed through the doubly deferential lenses of *Strickland* and AEDPA, was reasonable. We will affirm the District Court's order, denying Wang's petition for habeas relief.